IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JUDY WOOLF,<br><br>        Plaintiff,<br><br>v.<br><br>NUCOR BUILDING SYSTEMS UTAH, LLC, BOX ELDER COUNTY CREDIT UNION, and JANE DOES 1 and 2,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE**<br><br>Case No. 1:14-cv-00177-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Defendant Nucor Building Systems Utah, LLC's ("Nucor") Motion to Dismiss. (Dkt. No. 3). The court held a hearing on the on the motion on April 23, 2015, and took the matter under advisement. After carefully considering the parties' filings and relevant legal authorities, the court declines to rule on the pending motion and REMANDS this case to state court for lack of subject matter jurisdiction.

## BACKGROUND

This case was initially filed in the First Judicial District Court of the State of Utah on December 8, 2014. Nucor subsequently removed the action to federal court on December 24, 2014, on the basis of ERISA preemption. (Dkt. No. 2). Plaintiff alleges that she was the sole named beneficiary in her son's credit union account, and his 401(k), which was held through Nucor. She contends that shortly before her son's death, two defendants named as Jane Does 1 and 2 used undue influence to induce the son to add one or more of them as beneficiaries to those

1

accounts. Plaintiff is seeking declaratory relief that said changes are invalid, an order reforming the accounts to reflect this, and for Nucor to pay her the proceeds of the 401(k) account. Nucor now moves to dismiss the complaint for failure to state a claim.

## ANALYSIS

Because federal courts are courts of limited jurisdiction, the court has a duty to satisfy itself as to its own jurisdiction at every stage of the proceedings. *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). As the parties are not diverse and the complaint only pleads state causes of action, the only means for removing this case to federal court would be under the doctrine of complete preemption. Where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common law complaint into one stating a federal claim . . . any claim purportedly based on that pre-empted state law is considered . . . a federal claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (internal quotations omitted).

"The Supreme Court has recognized only a few federal statutes that so pervasively regulate their respective areas that they have complete preemptive force; ERISA is one." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011).

> Complete preemption under ERISA, however, is limited to claims brought under § 502(a), and that provision, in turn, is limited by its terms to claims 'by a participant or beneficiary' of an ERISA-regulated plan 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan.'

*Id.* at 1222 (citing 29 U.S.C. § 1132(a)(1)(B)). Because Plaintiff does not contend that she is a participant, her standing to sue under ERISA—which is a subject-matter jurisdictional requirement—hinges on whether she qualified as a beneficiary under her son's 401(k) plan at the time the complaint was filed. *See id.* at 1223, 1225.

ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). To have standing as a beneficiary, Plaintiff need only make a colorable claim that she is or may become entitled to a benefit under the ERISA plan at issue. *Denver Health & Hosp. Auth. v. Beverage Distribs. Co., LLC*, 546 Fed. Appx. 742, 745-746 (10th Cir. 2013). Because Plaintiff was not a named beneficiary at the time she filed the complaint, her sole claim to benefits rests on the argument that "Jane Does 1 and 2, through the use of undue influence, induced [Plaintiff's son] to add one or more of them . . . as beneficiaries of the 401K account." (Dkt. No. 3, ¶ 14). On that basis Plaintiff contends that these changes are invalid, and that she should therefore be reinstated as the sole beneficiary of the 401(k). Nucor, not Plaintiff, argues that these allegations are sufficient to create complete preemption under § 502(a) of ERISA.

The Tenth Circuit has explicitly and unequivocally rejected these types of "but for" arguments, holding that plaintiffs lack standing to sue under ERISA in those situations. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1159-61 (10th Cir. 2004). Simply stated, "ERISA provides no cause of action to [non-beneficiaries] who claim they were defrauded out of pension benefits in violation of common law fraud principles." *Id.* at 1162. Additionally, since all funds from the 401(k) plan have already been disbursed, any recovery could not be issued from an ERISA plan, making the relief sought ordinary damages for the alleged fraud Plaintiff suffered. *See id.* As such, Plaintiff's state law claims do not fall within ERISA's remedial scope and are not completely preempted. *See Coldesina v. Estate of Simper*, 407 F.3d 1126, 1137-38 (10th Cir. 2005). Lacking subject matter jurisdiction, the court must remand this case to state court.

## CONCLUSION

For the reasons discussed above, the Court REMANDS this case to the First Judicial District Court of the State of Utah.

SO ORDERED this 24th day of April, 2015.

BY THE COURT:

Clark Waddoups
United States District Court Judge